# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES A. GREEN, *et al.*, § | | |
| Plaintiffs, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-09-4159 |
| § | | |
| JUDGE WAYNE MALLIA, *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

Plaintiffs James A. Green and Prince Ella Green, *pro se*, filed this lawsuit alleging that they are disabled African-American and that Defendants violated their constitutional rights in connection with a state court lawsuit. The case is before the Court on the Motion to Dismiss [Doc. # 3] filed by Defendant Judge Wayne Mallia, to which Plaintiffs filed a Response [Doc. # 15], and Judge Mallia filed a Reply [Doc. # 18]. Having reviewed the full record and applied governing legal authorities, the Court **grants** the Motion to Dismiss.

Plaintiffs filed a lawsuit in the 405th Judicial District Court of Galveston County, Texas, against several financial institutions.[1] Plaintiffs alleged in the state court lawsuit that the defendants were improperly attempting to collect a debt that had been discharged in bankruptcy. The state court lawsuit was assigned to Judge Mallia.

---

[1] The state court lawsuit was later amended to add the law firm now known as Barret Daffin Frappier Turner & Engal, LLP.

Plaintiffs complain about Judge Mallia's alleged conduct while presiding over their lawsuit. For example, Plaintiffs complain that Judge Mallia treated them less favorably because they are disabled African-Americans than he treated white attorneys, and that he granting summary judgment in favor of the state court defendants without considering "all materials in the light most favorable" to Plaintiffs.

Judge Mallia has filed a Motion to Dismiss asserting that he is entitled to complete judicial immunity. "Judicial immunity is an immunity from suit and not just from the ultimate assessment of damages." *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "Although unfairness and injustice to a litigant may result on occasion, ''it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Id.* Judicial immunity is not overcome by allegations of bad faith or malice and "applies even when the judge is accused of acting maliciously and corruptly." *Id*.

It is undisputed that Judge Mallia was the presiding judge in the underlying state court lawsuit. Review of Plaintiffs' Amended Complaint [Doc. # 12] and their Objection to Motion to Dismiss [Doc. # 15] establishes that the allegations against

Mallia relate only to his handling of that underlying state court lawsuit. Accordingly, Judge Mallia is entitled to complete judicial immunity. It is hereby

**ORDERED** that Defendant Mallia's Motion to Dismiss [Doc. # 3] is **GRANTED** and Plaintiffs' claims against Defendant Mallia are **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 24th day of **February, 2010**.

_____
Nancy F. Atlas
United States District Judge