IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES A. GREEN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-4159 |
| | § | |
| JUDGE WAYNE MALLIA, *et al.*, | § | |
| Defendants. | § | |

### MEMORANDUM AND ORDER

Plaintiffs James A. Green and Prince Ella Green, *pro se*, filed this lawsuit alleging that they are disabled African-American and that Defendants violated their constitutional rights in connection with a state court lawsuit. The case is before the Court on the Motions to Dismiss filed by Defendants Steven Leyh, Shelley Douglas, Jeff Records, Leyh and Payne, LLP, MidFirst Bank, MidLand Mortgage Co., and Barrett Daffin Frappier Turner & Engel, LLP [Doc. # 9] and by Defendant Michael Weston [Doc. # 11].[1] By Orders entered January 28, 2010 [Doc. # 10] and January 29, 2010 [Doc. # 13], Plaintiffs were directed to file any opposition to the Motions to Dismiss by February 22, 2010, and were cautioned that failure to do so would result in dismissal of their lawsuit against these Defendants. Plaintiffs filed an Amended Complaint [Doc. # 12] on January 29, 2010, and filed "Objections to Defendant

---

[1] Defendant Judge Wayne Mallia's separate Motion to Dismiss was granted by Memorandum and Order [Doc. # 22] entered February 24, 2010.

Wayne Mallia's Motion to Dismiss Based on the Eleventh Amendment" [Doc. # 15]. Plaintiffs did not, however, file any opposition to either of the remaining two Motions to Dismiss and did not request additional time to do so. Having reviewed this full record and applied governing legal authorities, the Court **grants** the Motions to Dismiss.

## I. FACTUAL BACKGROUND

Plaintiffs filed a lawsuit in the 405th Judicial District Court of Galveston County, Texas, against several financial institutions.[2] Plaintiffs alleged in the state court lawsuit that the defendants were improperly attempting to collect a debt that had been discharged in bankruptcy. The state court lawsuit was assigned to Judge Mallia.

After an adverse ruling from Judge Mallia, Plaintiffs filed this lawsuit against the judge and several others. Defendants Leyh, Leyh & Payne Law Firm, Douglas, and Barrett Daffin Frappier Turner & Engal, LLP, represented MidLand Mortgage Company in the state court lawsuit. Defendant Michael Weston represented Plaintiffs in the underlying state court litigation. Defendant Jeffrey Records, Jr., is the Chairman, Chief Executive Officer, and President of Defendant MidFirst Bank, the parent company of Defendant MidLand Mortgage, which Plaintiffs allege refused to

---

[2] The state court lawsuit was later amended to add the law firm now known as Barrett Daffin Frappier Turner & Engal, LLP.

honor a discharge in bankruptcy and improperly attempted to collect the underlying debt.

Plaintiffs complain about Defendants' alleged conduct in connection with the state court lawsuit. For example, Plaintiffs complain that Judge Mallia treated them less favorably because they are disabled African-Americans than he treated white attorneys, and that he granted summary judgment in favor of the state court defendants without considering "all materials in the light most favorable" to Plaintiffs. It appears that Plaintiffs' primary complaints involve the summary judgment ruling and the filing of a settlement agreement ("Rule 11 Agreement") which Plaintiffs allege they attempted to disavow.

In their Amended Complaint [Doc. # 12], Plaintiffs assert causes of action including violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, various criminal statutes, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a violation of the Bankruptcy Code, and Texas state law claims. Defendants filed Motions to Dismiss, which are ripe for decision.

## II.     STANDARD FOR MOTION TO DISMISS

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002). The complaint must be liberally construed in favor of

the plaintiff, and all facts pleaded in the complaint must be taken as true. *Id.* Recent Supreme Court decisions, however, have elaborated on the pleading standards for civil litigation. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The Supreme Court emphasized two "working principles" underlying its decisions in *Iqbal* and *Twombly*: first, while a court must accept as true all factual allegations in a complaint, the court need not accept a complaint's legal conclusions as true; second, a complaint must state a "plausible claim for relief" in order to survive a motion to dismiss. *Iqbal*, 129 S. Ct. at 1949-50.

### III.   ANALYSIS

#### A.   Section 1981

Section 1981 prohibits racial discrimination that interferes with an individual's ability to "make and enforce contracts, to sue, be parties, [and] give evidence . . .." 42 U.S.C. § 1981. In their § 1981 claim, Plaintiffs quote language from the statute and assert that "Defendants are liable under 42 U.S.C. § 1981." Amended Complaint, ¶ 93. Plaintiffs do not identify any contract that forms the basis for their lawsuit, and it is clear from the allegations in the Amended Complaint that Plaintiffs were able to sue, be parties, and present evidence in the underlying lawsuit. As a result, Plaintiffs have failed to state a claim for relief under § 1981, and that claim is dismissed.

#### B.   Section 1983

To state a claim under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *James v. Texas Collin County*, 535 F.3d 365, 373 (5th Cir. 2008). A § 1983 cannot generally be asserted against civil attorneys for alleged professional misconduct in a civil case. *See Flores v. Matthews & Branscomb*, 246 F. App'x 259 (5th Cir. Aug. 22, 2007) (citing *O'Brien v. Colbath*, 465 F.2d 358, 359 (5th Cir. 1972)); *Howard v. Hopkins*, 228 F. App'x 412 (5th Cir. Apr. 3, 2007). A private individual may act under color of law, however, when he is involved in a conspiracy or participates in joint activity with state actors. *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005) (citing *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 150-52 (1970)).

In this case, Plaintiffs allege no facts that would indicate that Defendants were conspiring or working jointly with Judge Mallia. Indeed, at no point during the lengthy factual allegations do Plaintiffs allege such a conspiracy. *See* Amended Complaint, ¶¶ 14-81. Instead, Plaintiffs complain about actions taken during the state court litigation separately by opposing counsel, by their own counsel, and by Judge Mallia. For example, Plaintiffs complain that Judge Mallia granted summary

judgment using a different standard for *pro se* litigants.[3] *Id.*, ¶ 70. Plaintiffs also complain that Judge Mallia ordered defense counsel to send Plaintiffs a copy of the judgment when they believe he should have sent them a copy himself. *Id.,* ¶ 71.

None of the factual allegations describe concerted or joint activity. As a result, the private Defendants are not deemed to have been acting under color of state law, and Plaintiffs' § 1983 claim is dismissed.

### C. Sections 1985 and 1986, and Bankruptcy Code

Plaintiffs' claim under 42 U.S.C. § 1985 is based on Plaintiffs' complaint that, by improperly presenting summary judgment evidence and the "invalid" Rule 11 Agreement, Defendants precluded Plaintiffs from exercising their right to testify at a jury trial. The § 1986 claim is based on Plaintiffs' allegation that Defendant Records could have prevented MidFirst Bank and MidLand Mortgage from interfering with Plaintiffs' right to testify. Plaintiffs' claim under the Bankruptcy Code is based on their allegation that Defendants violated the discharge order and attempted in the underlying state court lawsuit to collect a debt that had been discharged in bankruptcy.

The *Rooker-Feldman* doctrine deprives federal courts of subject matter jurisdiction in "cases brought by state-court losers complaining of injuries caused by

---

[3] During the state court litigation, Plaintiffs discharged Weston as their attorney and elected to proceed *pro se*.

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). Unsuccessful state-court litigants "may not obtain review of state court actions by filing complaints about those actions in lower federal courts cast in the form of civil rights suits." *Turner v. Cade*, 2009 WL 3817007, *2 (5th Cir. Nov. 16, 2009) (citing *Hale v. Harney,* 786 F.2d 688, 690-91 (5th Cir. 1986)). Similarly, a plaintiff cannot circumvent the Rooker-Feldman jurisdictional limitation by asserting claims framed as original claims for relief if the claims are "inextricably intertwined" with the state court judgment. *Id.* (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)).

Plaintiffs' claims under § 1985 and § 1986, and the claim under the Bankruptcy Code, are inextricably intertwined with the merits of the underlying state lawsuit. The claims are based on Plaintiffs' challenge to the attempt to collect the debt at issue in the state court lawsuit, the entry of summary judgment in favor of the state court defendants, and the filing of an "invalid" Rule 11 Agreement in the state court proceeding. This Court could not rule in Plaintiffs' favor on these claims without overturning the state court ruling. *See id.* Plaintiffs' "recourse for any constitutional violations by the [Texas] state courts is on writ of certiorari to the United States Supreme Court. *Id.* (citing *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.

1994)). Even though characterized as violations of federal statutes and constitutional violations, these claims are barred by the *Rooker-Feldman* doctrine.

### D.     RICO

Plaintiffs' RICO claim is based on the allegation that Defendants engaged in obstruction of justice by filing an "invalid Rule 11 Agreement" in the state court lawsuit. *See* Amended Complaint, p. 9. In addition to being barred by the *Rooker-Feldman* doctrine as constituting an attack on the state court judgment, the RICO claim is not supported by factual allegations that establish the necessary elements of the claim.

Claims under the civil RICO statute, 18 U.S.C. § 1962, have three common elements: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009) (quoting *Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007)). "A pattern of racketeering activity consists of two or more predicate criminal acts that are (1) related and (2) amount to or pose a threat of continued criminal activity." *Id.* The predicate acts can be either state or federal crimes, but must be *criminal* acts. *Id.* In this case, the factual allegations describe at best conduct that may constitute a violation of Texas rules of professional responsibility.

Plaintiffs also fail to allege a factual basis for the enterprise element of the RICO claim. Where, as here, the enterprise element is based on an "association-in-fact" rather than a formal legal entity, the plaintiff must show that the alleged association (1) has an existence separate and apart from the pattern of racketeering, (2) is an ongoing organization, and (3) has members that function as a continuing unit as shown by a hierarchical or consensual decision making structure. *Crowe v. Henry*, 43 F.3d 198, 205 (5th Cir. 1995); *Clark v. Douglas*, 2008 WL 58774, *4 (5th Cir. Jan. 4, 2008). Plaintiffs fail to allege facts which show that Defendants are members of an ongoing association, rather than participants in the single state court lawsuit that forms the basis for Plaintiffs' Amended Complaint.

Plaintiffs have failed to allege facts which state a claim for relief under the RICO statute, a claim that is barred by the *Rooker-Feldman* doctrine. As a result, the RICO claim is dismissed.

### E. State Law Claims

This case is in its very early stages. Indeed, the Court has not yet entered a docket control order. Because the federal claims have been dismissed at such an early stage of the proceedings, under 28 U.S.C. § 1367(c)(3), the Court declines to exercise supplemental jurisdiction over Plaintiffs' pendent state law claims. *See Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 876 (5th Cir. 2000); *Robertson v.*

*Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998), *cert. denied*, 526 U.S. 1098 (1999) ("Certainly, if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). Plaintiffs' state law claims are dismissed without prejudice.

## IV. CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Defendants' Motions to Dismiss [Docs. # 9 and # 11] are **GRANTED** and Plaintiffs' claims are **DISMISSED**.

SIGNED at Houston, Texas, this 4th day of **March, 2010**.

_____
Nancy F. Atlas
United States District Judge