## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES A. GREEN, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-4159 |
| | § | |
| JUDGE WAYNE MALLIA, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiffs James A. Green and Prince Ella Green, *pro se*, filed this lawsuit alleging that they are disabled African-Americans and that Defendants violated their constitutional rights in connection with a state court lawsuit.  By Memorandum and Order [Doc. # 22] entered February 24, 2010, the Court concluded that Judge Wayne Mallia was entitled to complete judicial immunity and granted his Motion to Dismiss. By Memorandum and Order [Doc. # 27] entered March 4, 2010, the Court granted the Motion to Dismiss filed by Defendants Steven Leyh, Shelley Douglas, Jeff Records, Leyh and Payne, LLP, MidFirst Bank, MidLand Mortgage Co., and Barrett Daffin Frappier Turner & Engel, LLP (collectively, "State Court Defense")[1] and the separate

---

[1]     Defendant Jeffrey Records, Jr., is the Chairman, Chief Executive Officer, and President of MidFirst Bank, the parent company of MidLand Mortgage Co., which Plaintiffs alleged improperly attempted to collect a debt discharged in bankruptcy. Defendants Shelly Douglas, Steven Leyh, Leyh & Payne Law Firm, and Barrett Daffin Frappier Turner & Engal, LLP, represented MidLand Mortgage in the state court lawsuit.

Motion to Dismiss filed by Defendant Michael Weston [Doc. # 11], Plaintiffs' attorney in the state court lawsuit.

The case is now before the Court on Plaintiffs' Motion for Reconsideration [Doc. # 25] of the dismissal of Defendant Mallia and Motion for Reconsideration [Doc. # 29] of the dismissal of the State Court Defense and Weston.  Among other arguments, Plaintiffs point out that the Court failed to consider their timely-filed responses [Docs. # 33 and # 34] to the State Court Defense's and Weston's Motions to Dismiss [Docs. # 9 and # 11].  Also pending are Plaintiffs' Motion for Judge Atlas to Hold Hearing and Investigate [Doc. # 35] and Request for David Bradley to Investigate [Doc. # 36].[2]

The Court now has carefully reviewed the full record in this case, including Plaintiffs' Response [Doc. # 33] to Weston's Motion to Dismiss and Response [Doc. # 34] to the State Court Defense's Motion to Dismiss.  The Court has also considered the results of the thorough investigation by the Clerk's Office regarding the misplaced Responses [Docs. # 33 and # 34].  Based on its review of the record, including the previously misplaced Responses, and its reconsideration of the merits of Weston's and the State Court Defense's motions to dismiss, the Court **denies** the Motion for Reconsideration [Doc. # 25] of the dismissal of Judge Mallia, **grants** the Motion for

---

[2]        David Bradley is the Clerk of Court for the Southern District of Texas.

Reconsideration [Doc. # 29] of the dismissal of the State Court Defense and Weston *only* to the extent that the Court has reconsidered the State Court Defense's Motion to Dismiss and Weston's Motion to Dismiss in light of Plaintiffs' timely-filed Responses [Docs. # 33 and # 34] and **denies** the motion in all other respects.  The Court finds no basis to alter the substantive rulings in either Memorandum and Order [Doc. # 22 or Doc. # 27].

The Clerk's Office has conducted a complete investigation regarding the misplaced Responses [Docs. # 33 and # 34] filed by Plaintiffs in this case, and the Court concludes that no further investigation or hearing is necessary.  Therefore, the Court **denies** the Motion for Judge Atlas to Hold Hearing & Investigate [Doc. # 35] and **denies as moot** the Request for David Bradley to Investigate [Doc. # 36].

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed a lawsuit in the 405th Judicial District Court of Galveston County, Texas, against several financial institutions, and they later amended their state court lawsuit to add the law firm now known as Barrett Daffin Frappier Turner & Engal, LLP.  Plaintiffs alleged in the state court lawsuit that the defendants were improperly attempting to collect a debt that had been discharged in bankruptcy.  The state court lawsuit was assigned to Judge Mallia.

After an adverse ruling from Judge Mallia, Plaintiffs filed this lawsuit against Judge Mallia, against the state court defendants and their counsel, and against their own retained attorney.  Plaintiffs complained about Defendants' alleged conduct in connection with the state court lawsuit.  Plaintiffs' primary complaints involved the state court's summary judgment ruling and the filing of a settlement agreement ("Rule 11 Agreement") which Plaintiffs allege they attempted to disavow.

In their Amended Complaint [Doc. # 12], Plaintiffs asserted causes of action including violations of 42 U.S.C. §§ 1981, 1983, 1985, and 1986, various criminal statutes, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), a violation of the Bankruptcy Code, and Texas state law claims.  Defendants filed Motions to Dismiss, which the Court granted.  In the Memorandum and Order [Doc. # 27] granting the State Court Defense's and Weston's motions to dismiss, the Court commented that Plaintiffs had not filed responses to the motions.  Plaintiffs filed motions seeking reconsideration of the Court's rulings dismissing the claims against all Defendants.  Plaintiffs also filed a Notice of Accelerated Appeal [Doc. # 30], appealing the Court's decisions to the United States Court of Appeals for the Fifth Circuit.

## II.   **MOTIONS TO INVESTIGATE**

Upon reading the Court's comment in the March 4, 2010 Memorandum and Order that Plaintiffs had not filed Responses to the State Court Defense's and Weston's motions to dismiss, Plaintiff Prince Ella Green advised the Clerk's Office staff and the Court's staff that Plaintiffs had filed the Responses on time and that she had file-stamped copies of the Responses to prove they had been filed on February 22, 2010. The Court's staff ensured that the Clerk's Office staff immediately investigated the problem. The Clerk's investigation revealed that a Clerk's Office employee had accidentally placed the Responses in an incorrect folder. As a result, the Responses were misplaced and not docketed. As a result of the investigation, the Responses were located and were promptly docketed as part of the record in this case.

Employees of the Clerk of Court have conducted an investigation into the misplaced Responses, and have determined that the Responses were accidentally placed into an incorrect folder. There is no evidence of any malice toward Plaintiffs on the part of any court employee. Indeed, there is no evidence that the Responses were misplaced as the result of anything other that an innocent mistake by an overworked employee. The Court is satisfied that the Clerk's investigation has been thorough and that the results of the investigation – that the Responses were

accidentally misplaced – are accurate.  As a result, the Court declines to conduct or require others to conduct additional investigations or hearings.[3]

## III.   <u>MOTIONS FOR RECONSIDERATION</u>

Plaintiffs seek reconsideration of the Court's decisions dismissing their claims against Judge Mallia and dismissing their claims against the State Court Defense and Weston.  "A Rule 59(e) motion 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence' and 'is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"  *Knight v. Kellogg Brown & Root Inc.*, 2009 WL 1471788, *6 (5th Cir. 2009) (quoting *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004)).

Regarding the dismissal of Plaintiffs' claims against Judge Mallia, the judge is entitled to complete judicial immunity.  *See, e.g., Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)).  The Court denies the Motion to Reconsider the dismissal of Plaintiffs' claims against Judge Mallia.  There is no legal basis for a different result.

---

[3]     The Court has been advised that Plaintiffs have contacted the Federal Bureau of Investigation, *see* Plaintiffs' Notice of Request for FBI and U.S. Department of Justice Investigation [Doc. # 38], and the Administrative Office of the United States Courts.  The Court's decision in this case that no further investigation is necessary is, of course, not binding on these other governmental entities.

Regarding the dismissal of Plaintiffs' claims against the State Court Defense and Weston, the Court recognizes that, through no fault of Plaintiffs, the Responses to those motions to dismiss were not docketed and, therefore, were not considered by the Court in ruling on the motions.  Those Responses have now been docketed.  *See* Response to Weston's Motion [Doc. # 33]; Response to State Court Defense's Motion [Doc. # 34].  The Court grants the Motion to Reconsider [Doc. # 29] to the limited extent that the Court has now carefully reviewed the previously misplaced Responses and has reviewed the Motions to Dismiss in light of those Responses.

Based on this review, however, the Court concludes that the Responses do not affect the soundness of the Court's prior dismissal of Plaintiffs' claims against Weston and the State Court Defense.  As discussed fully in the March 4, 2010 Memorandum and Order, Plaintiffs fail to allege a factual basis for their claims under 42 U.S.C. § 1981, § 1983, and RICO.  As also discussed in the March 4, 2010 Memorandum and Order, the *Rooker-Feldman* doctrine bars Plaintiffs claims under 42 U.S.C. § 1985, § 1986, and the United States Bankruptcy Code.  Plaintiffs' Responses provide no legal or factual basis for a different outcome on these federal claims.

Having dismissed the federal claims, the Court declined – and continues to decline – to exercise supplemental jurisdiction over Plaintiffs' pendent state law

claims.  As a result, those state law claims were properly dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

The Court has again reviewed the motions to dismiss by Weston and the State Court Defense, specifically focusing on the previously misplaced Responses [Docs. # 33 and # 34].  For the reasons stated in the March 4, 2010 Memorandum and Order [Doc. # 27], Plaintiffs claims against Defendant Weston and the State Court Defense remain dismissed.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, it is hereby

**ORDERED** that Plaintiffs' Motion for Judge Atlas to Hold Hearing & Investigate [Doc. # 35] is **DENIED** and Plaintiffs' Request for David Bradley to Investigate [Doc. # 36] is **DENIED AS MOOT**.  It is further

**ORDERED** that Plaintiffs' Motion for Reconsideration [Doc. # 25] is **DENIED** and Plaintiffs' Motion for Court to Reconsider [Doc. # 29] is **GRANTED** to the extent that the Court has reconsidered the State Court Defense's Motion to Dismiss and Weston's Motion to Dismiss in light of Plaintiffs' timely-filed Responses [Docs. # 33 and # 34] and **DENIED** in all other respects.  The Court's Memorandum and Order [Doc. # 22] entered February 24, 2010, and the Memorandum and Order

[Doc. # 27] entered March 4, 2010, remain in effect as to the Court's decision on the merits of Defendants' motions to dismiss.

SIGNED at Houston, Texas, this 29th day of **March, 2010**.

Nancy F. Atlas
United States District Judge